**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BARTLETT ELLIOTT,

      Plaintiff,

v.                                    No. CIV 04-924 ACT/DJS

GREEN TREE SERVICING, L.L.C., and
TERRI REICHLEIN,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER COMES before the Court on Defendants' Motion to Dismiss in favor of

Arbitration.  (Doc. No. 15).  Defendants filed a Memorandum in Support of their Motion to

which Plaintiff, representing himself, wrote and served a Response.  Plaintiff did not file his

Response with the Clerk of the Court but the Court has reviewed and considered the document,

attached as an exhibit to Plaintiff's Reply.  (Doc. No. 18).  Having reviewed the Motion, the

pleadings of both parties and the Exhibits attached to the pleadings, as well as the Affidavit

submitted by the Defendants, the Court finds that the Motion to Dismiss in Favor of Arbitration is

well taken and will be GRANTED.

Defendants moved under Fed. R. Civ. P. 12(b)(1) to dismiss this case for lack of subject

matter jurisdiction arguing that this dispute is subject to mandatory, binding arbitration.  Plaintiff

raised one issue in his Complaint - that Defendant Green Tree Servicing L.L.C. and its employee

Defendant Terri Reichlein failed to have foreclosure information removed from Plaintiff's credit

report with the three major credit reporting bureaus.

Plaintiff and his wife entered into a note dated October 27, 1999 (Note) with Green Tree's corporate predecessor (Green Tree Financial Servicing Corporation).  The Note was for the purchase of a mobile home and was secured by a Deed of Trust on a lot in Arizona on which the mobile home was placed.  After a time, the Plaintiff and his wife failed to make payments on the Note and Green Tree began a foreclosure procedure.  Eventually the home and lot were sold and the foreclosure matter was settled between the parties.  Plaintiff requested that Green Tree direct the three credit reporting bureaus to remove the foreclosure information from his credit report.  Defendants assert they did not have an obligation to remove the information from the credit reports.  Plaintiff claims that the failure of Defendants to remove the information has caused damages to him and his wife.

The October 27, 1999 Note stated in Paragraph 9 that, "[a]ll disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement ... shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ... .  The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. ...  The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement."  The paragraph continued allowing Lender to bring a foreclosure action in the form of a lawsuit.

The Federal Arbitration Act requires that this Court recognize that arbitration agreements

entered into between parties are "valid, irrevocable and enforceable, save upon such ground as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The arbitration agreement contained in Paragraph 9 of the Note covers this dispute.  The dispute between the parties arose from the foreclosure action which in turn resulted from the failure of the Plaintiff and his wife to pay the Note in accordance with its terms.  Plaintiff has not asserted any grounds to show that this arbitration agreement should be revoked.  His response to this Motion merely re-asserted the allegations of his Complaint.  The Court finds that this arbitration agreement is enforceable and encompasses the dispute which gave rise to this lawsuit.

Section 3 of the Federal Arbitration Act requires the Court to stay an action when an issue in the case is referable to arbitration. 9 U.S.C. § 3.  However, when all of the issues before the Court are subject to arbitration, the Court may dismiss the action rather than grant a stay.  *See, e.g.*, *Lewis Tree Service, Inc, v. Lucent Technologies Inc.,* 239 F. Supp2d 332, 340 (S.D.N.Y. 2002).

Retaining jurisdiction is not necessary in this case.  The one issue in dispute is subject to mandatory, binding arbitration.  The parties will be able to resolve their dispute without the oversight of this Court.  Therefore, the case is DISMISSED WITHOUT PREJUDICE so that the parties may participate in binding arbitration in accordance with their agreement in the Note.

IT IS SO ORDERED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE